**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

BRENNA NICOLE WILLIAMS, individually
and on behalf of all others similarly situated,

       Plaintiff,

       v.                                                16-CV-75-A
                                                              **ORDER**

NRS BILLING SERVICES, LLC, a New
York LLC,
       Defendant.
_____

       Plaintiff has filed a putative class action complaint seeking relief under the Fair Debt Collection Practices Act.  After Defendant failed to answer or otherwise move against the complaint, Plaintiff applied for, and received, a Clerk's Entry of Default.  *See* Docket No. 5.  Plaintiff has not yet moved for default judgment.  *See* Fed. R. Civ. P. 55(b).  Plaintiff instead seeks leave "to proceed with discovery in an effort to certify the class," arguing that "Defendant should not be permitted to avoid class liability and damages by refusing to appear or file a responsive pleading to Plaintiff's complaint." Docket No. 6-1 at 1.

       Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."  Although the authority supporting Plaintiff's position "fall[s] far short of a ringing endorsement," case law does support allowing a plaintiff to take discovery before moving for default judgment, primarily because a "motion for class certification will be necessary before default judgment can be entered on behalf of the class." *DeNicola v. Asset Recovery Solutions, LLC*, No. CV

1

11-1192(LDW)(AKT), 2011 WL 2133811, at *1 (E.D.N.Y. May 20, 2011) (citing *Campbell v. Soma Fin. Inc.*, No. 08-CV-00170, 2008 WL 5247960, at *1 (E.D. Cal. Dec. 16, 2008)).

The issue, then, is the manner of discovery the Court may authorize, as the Federal Rules of Civil Procedure "do not specify what mechanisms a plaintiff may utilize to take discovery of a defaulting defendant." *Blazek v. Capital Recovery Ass'c, Inc.*, 222 F.R.D. 360, 360 (E.D. Wis. 2004). This is because, "in setting forth what discovery devices are available, the rules distinguish between parties and non-parties but do not indicate which category a defaulting defendant falls into." *Id.* at 360-61. At least one court, relying on Rule 30 and Rule 34's distinction between parties and nonparties, has concluded that discovery against a defaulted defendant should be conducted pursuant to Federal Rule of Civil Procedure 45. *See Blazek*, 222 F.R.D. at 361-62.

The Court, however, respectfully disagrees with the court in *Blazek*. The Court instead agrees with *Minx, Inc. v. West*, No. 2:11-CV-00895-BSJ, 2011 WL 5844486 (D. Utah Nov. 21, 2011). In *Minx*, the court concluded that, on facts similar to those in this case, that a defendant in default should be treated as a "party," rather than a "nonparty," for purposes of ordering discovery. This was so, the *Minx* court held, for the simple reason that Rule 55, which governs defaults, refers to a defaulting party as just that: a "party." *See* Fed. R. Civ. P. 55(a) ("When a *party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the *party's* default.") (emphasis added). For this and other reasons, *Minx* noted that it is "nonsensical for a defaulted party to be considered a nonparty." *Minx*, 2011 WL 5844486, at *2.

Based on *Minx*, the Court grants Plaintiff's motion.  Plaintiff may seek discovery of Defendant as if Defendant were a non-defaulting party.

**SO ORDERED.**

Dated: July 27, 2016                                     s/Richard J. Arcara
     Buffalo, New York                               HONORABLE RICHARD J. ARCARA
                                                                                   UNITED STATES DISTRICT JUDGE